IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
CIVIL DIVISION

JASON SMITH                                                          PLAINTIFF

V.                          CASE NO. 62CV-26-187

JOSHUA J. SMITH AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                           DEFENDANTS

COMPLAINT

Comes now Plaintiff Jason Smith, by and through his Attorney, Alvin L. Simes, PLLC, and for his cause of action against the Defendants Joshua J. Smith and State Farm Mutual Automobile Insurance Company, states:

**JURISDICTION AND VENUE**

1. Venue for this cause of action is proper pursuant to the provisions of Arkansas Code Annotated Section 16-60-112, and based on the venue provisions in the Civil Justice Reform Act of 2003 found at Arkansas Code Annotated Section 16-55-213.

2. That the Plaintiff, Jason Smith entered into a contract, insurance policy with the Defendant.

3. That it was the Plaintiff, Jason Smith reasonable belief that upon making payments to the Defendant that said Plaintiff would be covered in the event of a loss.

4. Thus, this Court has jurisdiction under Arkansas Constitutional Article 7, Section 11 and Arkansas Code Annotated 16-13-201. That the Plaintiff also seeks a reasonable award of attorney's fees which are allowed by Arkansas Law.

5. The Circuit Court of St. Francis County, Arkansas has subject matter

1

FILED

APR 2 7 2026

TIME:_____M
ALAN T. SMITH, CLERK
ST. FRANCIS COUNTY

EXHIBIT
A

jurisdiction over this matter and in person am over the Parties in this case, because the Plaintiff is seeking damages against the Defendant in this civil proceeding.

## PARTIES

6. That Plaintiff, Jason Smith resides at 301 Alcott Road, Palestine, Arkansas 72372. That the Plaintiff is a resident of the State of Arkansas and the County of St. Francis.

7. That the Defendant, Joshua J. Smith resides at 961 Victor Street, Forrest City, Arkansas 72335. That the Plaintiff is a resident of the State of Arkansas and the County of St. Francis.

8. That the Defendant State Farm Mutual Automobile Insurance Company Home Office is located at One State Farm Plaza, Bloomington, IL 61710. That the Defendant State Farm Mutual Automobile Insurance Company business mailing address is One State Farm Plaza, Bloomington, IL 61710.

9. That the Defendant State Farm Mutual Automobile Insurance Company is an insurance company doing business within the State of Arkansas.

10. That State Farm Mutual Automobile Insurance Company is a for-profit corporation incorporated within the State of Arkansas, whose principal place of business is in Arkansas, and licensed to do business in Arkansas.

## COUNT I.
## FACTS

11. That on or about October 20, 2023, at approximately 7:39 p.m., in St. Francis County, within the city limits of Forrest City, Arkansas, the Defendant, Joshua J. Smith operated, maintained, and controlled a 2016 Ford F-Series pickup. That the Defendant

2

negligently pulled out, in front of Plaintiff's vehicle, causing bodily injuries and property damage.

12. That the Defendant owed a duty of care toward the Plaintiff and others within the area of foreseeable danger. That the Defendant was careless and negligent as follows: (a) failure to keep a proper look-out; (b)driving too fast for conditions; (c) failure to otherwise warn Plaintiffs of a dangerous condition; (d) failure to act reasonable under the circumstances; (e) failure to comply with Arkansas Statutes; (f) creating a dangerous condition upon the roadway; and (g) failure to exercise ordinary care under the existing circumstances.

13. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions, the vehicle operated, maintained, controlled, and owned by the Defendant caused the injuries of Plaintiff.

14. As a direct and proximate result of the Defendant's negligence, the Plaintiff has suffered serious injuries. The Plaintiff suffered serious injuries, great physical pain and suffering; and that said negligence and resulting injuries were the cause and/or proximate cause of this collision.

15. The Plaintiff Jason Smith received treatment from Forrest City Medical Center, Forrest City Emergency Physicians and Arkansas Chiropractic Group and incurred medical bills in the amount of $9,536.91.

## COUNT II.
## BREACH OF CONTRACT

16. As a cause of action and grounds for relief, Plaintiffs allege the factual matters described in the previous paragraphs 1 thru 15 of the complaint as part of this

3

count.

17. That Plaintiff, Jason Smith entered into a contract with State Farm Mutual Automobile Insurance Company Policy Number C066-075-04L.

18. According to the express language of the contract/policy the Plaintiff had Uninsured (UM) and underinsured Insurance (UIM) Coverage in the amount of $50,000.00. In addition, the Plaintiff had $5,000.00 of medical payment coverage.

19. That on October 20, 2023, the Plaintiff was involved in an automobile collision. That the Defendant State Farm Mutual Automobile Insurance Company is an Insurance Company doing business within the State of Arkansas.

20. That State Farm Mutual Automobile Insurance Company engages in the business of commerce within this State to sale and/or provide insurance coverage to citizens within the State of Arkansas. That the Plaintiff, Jason Smith is a citizen who engaged into a business contract/policy agreement with the Defendant State Farm Mutual Automobile Insurance Company.

21. That on October 20, 2023, within the city limits of Forrest City, Arkansas, the Plaintiff, Jason Smith was injured when the Defendant Joshua Smith failed to maintain proper control and physically struck the vehicle that Plaintiff was riding in as a passenger in the rear.

22. The Plaintiff suffered serious injuries, great physical pain and suffering and that said negligence and resulting injuries were the cause and/or proximate cause of this collision.

23. That as a result of the injuries suffered by the Plaintiff, the Plaintiff has a good faith reason to believe that his damages exceed the $25,000.00, policy limits. That

4

Plaintiff, Jason Smith is insured with State Farm Mutual Automobile Insurance Company under policy number C066-075-04L.

24.  That Plaintiff paid said Defendant monthly premiums for coverages under policy number C066-075-04L.  That the identified coverages of the policy are medical expenses in the amount of $5,000.00.  The Plaintiff, Jason Smith seeks to recover $5,000.00, of damages under and through his Medical Expense Coverage.

25. The Defendant, State Farm Mutual Automobile Insurance Company refusal to pay said $5,000.00, on demand is in fact, a breach of contract, and bad faith.  That the nature, extent and impact of the injuries suffered by the Plaintiff, Jason Smith on October 20, 2023, exceeds the sum of $5,000.00 of medical expenses.  That the Plaintiff is also entitled to an additional $50,000.00 because of the nature, extent and duration of said injuries.

26.  That the Plaintiff Jason Smith is seeking damages under both his uninsured (UM) and underinsured (UIM) policy coverages with the Defendant.

**Mr. Smith incurred the following medical expenses:**

| | |
|---|---|
| **Forrest City Medical Center November 3, 2023** | **$   765.22** |
| **Forrest City Emergency Phys, PLLC** | **$1,416.80** |
| **Forrest City Medical Center January 11, 2024** | **$2,482.19** |
| **Forrest City Emergency Phys, PLLC** | **$1,487.00** |
| **Arkansas Chiropractic Group** | **$3,386.50** |
| **Total Medicals** | **$9,537.71** |

## COUNT III.
## SPECIFIC PERFORMANCE

27. As a cause of action and grounds for relief, Plaintiff Jason Smith alleges the factual matters described in the previous paragraphs 16 thru 26 of the Complaint as part

5

of this count.

28. State Farm Mutual Automobile Insurance Company entered into a contract of insurance with Plaintiff wherein it clearly and expressly agreed to provide insurance coverages. Plaintiff Jason Smith in turn, paid State Farm Mutual Automobile Insurance Company substantial premiums in consideration for the agreed upon coverages.

29. The Plaintiff has now suffered a loss as a proximate and direct result of the unlawful automobile collision that occurred on October 20, 2023, the Plaintiff is entitled to payment. In addition, the Plaintiff has suffered personal injuries and medical expenses.

30. Plaintiff has performed his end of the bargain, and now Plaintiff is entitled to specific performance of the insurance contract. The Court should, therefore, require State Farm Mutual Automobile Insurance Company to specifically perform the contract.

## COUNT IV.
## BAD FAITH

31. As a cause of action and ground for relief, Plaintiff Jason Smith alleges the factual matters described in the previous paragraphs 27 thru 30 of the Complaint as part of this count.

32. Pursuant to Ark. Code Ann. § 23-66-206 (13)(A) – (0), State Farm Mutual Automobile Insurance Company further breached its duty of good faith and fair dealing, as well as its affirmative duty to adjust claims fairly and promptly, and to make a reasonable effort to settle claims with Plaintiff, by:

a.      Failing to issue an automobile insurance contract to Plaintiff that contained exclusionary language that is narrowly drafted;

6

b.      Failing to issue an automobile insurance contract to Plaintiff that contained exclusionary language that was defined within the agreement;

c.      Failing to issue an automobile insurance contract to Plaintiff that is not designed to be used to compensate the Plaintiff for past, present and future pain and suffering and past, present and future mental anguish and emotional distress as a result of the damages arising from an occurrence or covered event as defined in the policy;

d.      Failing to issue a policy of insurance that will provide coverage for injuries Plaintiff sustained from the automobile collision on October 20, 2023;

e.      Failing to provide an automobile insurance contract that is unambiguous;

f.      Failing to pay Plaintiff sufficient expenses due under the policy;

g.      Failing to pay a settlement within thirty (30) days after the agreement was reduced to writing;

h.      Failing to pay the full amount of any claim due the Plaintiff within sixty (60) days after receipt of satisfactory proof of loss;

i.      Failing to promptly adjust the claim after being notified by Plaintiff;

j.      The Defendant's failure and/or omissions constitute bad faith in that they were arbitrary, subjective and capricious, all of which entitles Plaintiff to recover attorney's fees, costs, penalties, and damages and;

k.      Other acts or omissions to be developed during this litigation.

33. Defendant State Farm Mutual Automobile Insurance Company failures were willful and/or intentional and/or arbitrary and capricious so that the Plaintiff is entitled to an award of penalties, attorneys' fees, compensatory damages, punitive damages and costs.

## V.
## UNSPECIFIED DAMAGES

34. As a cause of action and ground for relief, Plaintiff Jason Smith alleges the factual matters described in the previous paragraphs 31 thru 33 of the Complaint as part of this count.

35. Plaintiff is entitled to coverage amount under the Plaintiff's Medical Expense Policy.  Plaintiff is entitled to damages, punitive damages, prejudgment interest, post judgment interest, a twelve percent (12%) penalty, attorney's fees, and costs for having to bring this action.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that he have and recover a judgment against the Defendants State Farm Mutual Automobile Insurance Company and Joshua J. Simth for unspecified damages, for past, present and future pain and suffering, past, present and future mental anguish and emotional distress together with their costs expanded and all other just and proper relief to which they may be entitled.  Plaintiff seeks all other pecuniary damages set forth by Arkansas Law. Plaintiff seeks recovery of all medical expenses incurred as a result of the collision that occurred on October 20, 2023.  That the Plaintiff seeks lost earnings from work as a result of the Defendant's negligence.  The Plaintiff further seeks lost earning capacity from both Defendants.  That Plaintiff Jason Smith seeks all out-of-pocket expenses and unspecified medical expenses incurred from Forrest City Medical Center, Forrest City Emergency Physicians, and Arkansas Chiropractic Group in the amount of $9,537.71. That as a result of Plaintiff's medical treatment and care, due to the negligence of the Defendants.  Plaintiff seeks past, present and future loss of income and earning

8

capacity.  Plaintiff seeks a reasonable award of attorney's fees.  In addition, Plaintiff

reserves the right to amend his Complaint.  Finally, Plaintiff requests a trial by jury.

Respectfully submitted,

Alvin L. Simes, PLLC (89-188)
Attorney at Law
P.O. Box 1248
Forrest City, AR 72336-1248
Telephone:   870-633-7961
Facsimile:   870-633-6176
E-mail:        alvsim2@att.net

By:  _____

9